**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

vs.                                          **3:05cr46/LAC
3:07cv375/LAC/MD**

**CHRISTOPHER PAUL COLLINS**

## REPORT AND RECOMMENDATION

This matter is before the court upon defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 31). As there is no fee required for the filing of a motion pursuant to § 2255 the latter motion will be denied as moot. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

**BACKGROUND and ANALYSIS**

Defendant pleaded guilty to four firearms charges and was sentenced on May 30, 2006 to a total of 379 months imprisonment.[1] He did not appeal. He filed a

---

[1] Defendant was sentenced to 211 months on count 1, 84 months on counts 2 and 3 and 120 months on count 4. The sentences on counts 1 and 4 were to run concurrently, and the sentences imposed in counts 2 and 3 were to run consecutively to each other and to counts 1 and 4. (Doc. 29).

petition for writ of habeas corpus on August 23, 2007, which is still pending. (Case 3:07cv358/LAC/EMT). The instant motion was filed pursuant to the prison mailbox rule[2] on August 24, 2007 and docketed by the clerk on August 29, 2007. Defendant alleges that there were constitutional irregularities in the sentencing proceedings and raises myriad claims of ineffective assistance of counsel.

Title 28 U.S.C. § 2255 imposes a one year time limitation on the filing of motions under this section. The one year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255. If a defendant does not file an appeal, his conviction becomes final when the ten day time period for filing an appeal expires. See Fed.R.App.P. 4(b)(1)(A)(I); Fed. R. App. P. 26(a). In this case, defendant's conviction and sentence became final when this period expired, on June 13, 2006. See Fed.R.App.P. 26(a)(2). Therefore, to be timely, his § 2255 motion had to be filed not later than June 21, 2007. It was not. And, the grounds for relief raised in the instant motion do not fall within any of the exceptions to the one year time limitation. Therefore his motion is untimely and should be dismissed.

---

[2]*Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed); *Adams v. United States*, 173 F.3d 1339 (11th Cir. 1999).

*Case No: 3:05cr46/LAC; 3:07cv375/LAC/MD*

Accordingly, it is respectfully RECOMMENDED:

The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 31) be summarily DISMISSED as untimely.

At Pensacola, Florida, this 6th day of September, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; Local Rule 27(B); *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

Case No: 3:05cr46/LAC; 3:07cv375/LAC/MD