**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA,**

v.                                          Case No. 3:05cr46/LAC

**CHRISTOPHER PAUL COLLINS**
_____/

## ORDER

Defendant seeks a recommendation to the Bureau of Prisons that the Florida Department of Corrections be designated as the place of confinement for his federal sentence *nunc pro tunc* claiming that the intent of the State judge who sentenced him on state charges subsequent to his federal sentence was that the sentences run concurrent (doc 54). This Court declines to make such a recommendation.

Computation of a federal sentence is the sole responsibility of the Attorney Genneral of the United States. <u>United States v. Wilson</u>, 503 U.S. 329, 335-37 (1992); <u>Dawson v. Scott</u>, 50 F.3d 884, 890 (11th Cir. 1995). The Attorney General has delegated the task of sentence computation to the Bureau of Prisons. <u>Wilson</u>, 503 U.S. at 335. For offenses committed on or after November 1, 1987, commencement of a federal sentence is governed by 18 U.S.C. § 3585(a). Designation, including *nunc pro tunc* designations, are governed by 18 U.S.C. § 3621. Requests, therefore, for *nunc pro tunc* designation should be directed to the Bureau of Prisons not this Court.

However, it the customary practice of the Bureau to inquire of the federal sentencing judge if there is any objection to a *nunc pro tunc* designation before making its decision. This Court states for the record that, trusting in the judgment of the state court judge who clearly intended his sentence to run concurrent with defendant's federal sentence, there is no

objection to a *nunc pro tunc* designation.

**DONE** this 23rd day of October, 2009.

				s/*L.A. Collier*
				LACEY A. COLLIER
				Senior United States District Judge